UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| **SOLOMON TECHNOLOGIES, INC.,** | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 8:05-cv-01702-T-MAP |
| **TOYOTA MOTOR CORPORATION,** ) <br> **TOYOTA MOTOR SALES, U.S.A., INC.,** ) <br> **TOYOTA MOTOR ENGINEERING AND** ) <br> **MANUFACTURING NORTH AMERICA,** ) <br> **INC., AND TOYOTA MOTOR** ) <br> **MANUFACTURING KENTUCKY, INC.,** ) | |
| Defendants. | ) |

## PROTECTIVE ORDER

This cause comes before the Court on the parties submissions for a protective order (docs. 71, 72). In large part, the parties agree to the contents of the protective order with minor exceptions. After consideration, their submissions, which this Court interprets as separate motions for a protective order, are granted in part and denied in part as follows:

### I. PRELIMINARY STATEMENT

Each of the parties, Plaintiff Solomon Technologies, Inc. ("Solomon") and Defendants Toyota Motor Corporation ("TMC"), Toyota Motor Sales, U.S.A., Inc. ("TMS"), Toyota Motor Engineering and Manufacturing North America, Inc. ("TEMA"), and Toyota Motor Manufacturing Kentucky ("TMMK") (collectively, "Toyota"), agrees that the parties to this Action possess information that one or more parties contends is confidential. The

parties wish to ensure that such confidential information shall not be used for any purpose other than this Action, shall not be made public, and shall not be disseminated beyond the extent necessary for this Action.

Accordingly, the following procedure shall be adopted for the protection of the parties' respective confidential information:

## II. DEFINITIONS

1. CONFIDENTIAL INFORMATION means any document or thing, as defined by Rule 34 of the Federal Rules of Civil Procedure (hereinafter collectively referred to as "Documents"), and/or any information, considered by any party in good faith as confidential because it contains a trade secret or other information considered by such party to be confidential, unless and until such time as the information is found not to be confidential pursuant to the provisions of this Stipulated Protective Order ("Order"). CONFIDENTIAL INFORMATION includes all Documents and other information (including, without limitation, deposition transcripts, hearing transcripts, and interrogatory answers) designated as confidential in *In re Certain Combination Motor and Transmission Systems and Devices Used Therein, and Products Containing Same*, ITC Inv. No. 337-TA-561 (February 13, 2007) ("the ITC action").

## III. DESIGNATION, MARKING, & FILING OF INFORMATION

2. It is contemplated that each party shall or may produce in this Action certain of its Documents for inspection by an opposing party, or shall produce and deliver Documents without prior inspection, which may contain CONFIDENTIAL INFORMATION

as well as non-confidential information. To protect any and all CONFIDENTIAL INFORMATION contained in Documents produced for inspection before being marked as CONFIDENTIAL INFORMATION, the inspecting party shall assume that all Documents produced for inspection are CONFIDENTIAL INFORMATION of the producing party and shall treat all such Documents as CONFIDENTIAL INFORMATION until the producing party has had the opportunity to designate and mark them as "CONFIDENTIAL", as required by paragraph 3, or for 30 calendar days after such inspection concludes, whichever comes first. With respect to Documents produced and delivered by one party without inspection by an opposing party, the producing party shall mark CONFIDENTIAL INFORMATION as required by paragraph 3 before delivering them.

    3.    For any Document that the producing party deems to be CONFIDENTIAL INFORMATION, the producing party shall prominently mark the Document "CONFIDENTIAL" on its face prior to delivering it to an opposing party. All copies of such Documents and any abstract, extract, excerpt, summary, memorandum, or other paper embodying information designated as CONFIDENTIAL INFORMATION pursuant to this Order shall be marked as required by this paragraph. Documents and other information designated as confidential in the ITC action shall be considered designated as CONFIDENTIAL INFORMATION in this Action.

    4.    Whenever a deposition in this Action involves a disclosure of CONFIDENTIAL INFORMATION, the following procedure shall be followed:

    (a)    At the request of the party whose CONFIDENTIAL INFORMATION is

        disclosed, the reporter shall prominently mark "CONFIDENTIAL" each page of the transcript containing CONFIDENTIAL INFORMATION. Such request shall be made on the record whenever possible, but any party may designate portions of the transcript as CONFIDENTIAL INFORMATION after transcription, provided that written notice of the designation is provided to the opposing parties within thirty (30) calendar days after the date of the deposition;

    (b)    At the designating party's option, the reporter shall separate all portions of a deposition transcript designated as CONFIDENTIAL INFORMATION by the designating party during a deposition, and bind such portions separately from the non-confidential portions of the deposition transcript. The reporter shall prominently mark as "CONFIDENTIAL" the cover and each page of such separately bound portions of the deposition transcript;

    (c)    The dissemination of all separately bound deposition transcripts designated as CONFIDENTIAL INFORMATION, and all portions of transcripts designated as CONFIDENTIAL INFORMATION, shall be limited to persons identified in paragraphs 6, 7, and 8 hereof, or as permitted by paragraph 5 hereof.

5.    In accordance with Local Rule 1.09, the Court's adoption of this Order does not allow a party to file at any time material marked confidential without separately filing a motion for leave to file the material under seal. A party may not file any material under seal without first complying with Local Rule 1.09. All Documents or deposition transcripts (or

portions thereof) designated as CONFIDENTIAL INFORMATION that are included with or the contents disclosed in any paper filed with the Court, shall be filed in sealed envelopes with a cover page affixed to the outside of each envelope. The case caption shall appear on the cover page, with the following notice:

**FILED UNDER COURT SEAL**

**CONFIDENTIAL INFORMATION**

**SUBJECT TO PROTECTIVE ORDER**

**THIS ENVELOPE IS NOT TO BE OPENED NOR ITS**

**CONTENTS DISPLAYED, COPIED, OR REVEALED,**

**EXCEPT BY COURT ORDER OR AGREEMENT OF THE PARTIES**

The judge's copy of any such CONFIDENTIAL INFORMATION must be prepared and filed in the same manner. After this Action and all appeals conclude, the Court shall, at the designating party's option, return or destroy any CONFIDENTIAL INFORMATION in the Court's files.

### IV. ACCESS TO CONFIDENTIAL INFORMATION

6. All Documents and all deposition transcripts (or portions thereof) designated as CONFIDENTIAL INFORMATION by any party in this Action shall be maintained according to this Order and used solely in connection with this Action. Nothing shall prevent the disclosure of any CONFIDENTIAL INFORMATION (1) by the party who designated the information CONFIDENTIAL INFORMATION, or (2) to any employee of the designating party, or (3) to any nonparty who authored or was a recipient of such

information. Any designating party may vary or waive the requirements of this Order with respect to its own CONFIDENTIAL INFORMATION.

7. Access to CONFIDENTIAL INFORMATION shall be restricted to the following persons:

    (a) Outside counsel of record for a party, employees of such attorneys who are working on this litigation, and copy and e-discovery vendors;.

    (b) Court personnel, including stenographic reporters engaged in proceedings incidental to the preparation for trial and/or trial of this Action, including deposition reporters and their transcribers, and videographers;

    (c) Authors, addressees, recipients, and persons with prior knowledge of CONFIDENTIAL INFORMATION who have not received such information in violation of any confidentiality or other agreement;

    (d) Independent experts or consultants retained to assist the attorneys of record, who agree in writing to be bound by the terms of this Order. No such expert or consultant may be given access to CONFIDENTIAL INFORMATION until the conditions set forth in Paragraph 8 are met;

    (e) Graphics, translation, design, and/or trial consulting services including mock jurors retained by a party;

    (f) Any other person(s) designated by order of the Court, after notice to all parties herein;

    (g) Any other person(s) designated jointly by the parties.

8.   No CONFIDENTIAL INFORMATION of an opposing party may be disclosed to any person under Paragraphs 7(d) or 7(f) of this Order until each of the following preconditions is met:

(a)   The proposed person shall be provided with a copy of this Order;

(b)   The proposed person shall be advised that he/she is bound by this Order;

(c)   The proposed person shall sign a document in the form of EXHIBIT A to this Order; and

(d)   If the proposed person is an expert or consultant on the technology that is the subject matter of this action, such person shall also sign a document in the form of EXHIBIT B to this Order.  EXHIBIT B shall obligate such person (i) not to use any CONFIDENTIAL INFORMATION provided to such person to assert any legal or equitable claims against the disclosing party, (ii) not to use any CONFIDENTIAL INFORMATION provided to such person in any U.S. or foreign patent applications filed after any CONFIDENTIAL INFORMATION is disclosed to such person in this action, or in any amendment to any pending U.S. or foreign patent application, and (iii) not to use any CONFIDENTIAL INFORMATION provided to such person in connection with any business involving or relating to the subject matter of such CONFIDENTIAL INFORMATION.  EXHIBIT B shall also acknowledge that such person's failure to comply with the obligations of EXHIBIT B shall cause the disclosing party

immediate and irreparable injury, and shall constitute contempt of this Order and this Court's authority, and breach of contract, and shall subject such person to sanctions by this Court (or any other court of competent jurisdiction) and an action for damages by the disclosing party. CONFIDENTIAL INFORMATION in this paragraph does not include information that said expert can show with competent evidence was: (1) already known to him before obtaining access to any of the opposing party's CONFIDENTIAL INFORMATION, or (2) reasonably known to one skilled in the art at the time any of the opposing party's CONFIDENTIAL INFORMATION was disclosed to him.

If the person to which a party wishes to disclose CONFIDENTIAL INFORMATION of an opposing party is a legal entity, EXHIBITS A and B must be signed by a person authorized to bind such entity, and such person, by signing EXHIBITS A and B, agrees and promises to advise its personnel of the obligations imposed by this Order and their obligation to comply with such obligations.

### V. CHALLENGES TO CONFIDENTIAL DESIGNATIONS

9. The receipt by a party of information designated CONFIDENTIAL INFORMATION by an opposing party shall not be construed as an agreement by the receiving party that such information is in fact confidential to the producing party, and shall not operate as a waiver of the receiving party's right to challenge any such designation.

10. In the event of any dispute with respect to the propriety or correctness of the

designation of CONFIDENTIAL INFORMATION, the parties shall attempt to resolve the dispute by negotiation. If such negotiations fail, either party may move for an appropriate order. The information shall be treated as CONFIDENTIAL INFORMATION until the dispute is resolved, either by an express written agreement between the parties or by order of the Court.

11. No party shall be obligated to challenge the propriety or correctness of the other party's designation of information as CONFIDENTIAL INFORMATION, and a failure to do so shall not preclude a subsequent challenge to such designation. The burden of proof with respect to the propriety or correctness of the designation of information as CONFIDENTIAL INFORMATION shall rest upon the designating party, except that the burden of proving the exceptions set forth in Paragraph 12 shall rest on the party asserting such exceptions.

## VI. <u>DECLARATIONS OF NON-CONFIDENTIALITY</u>

12.     Any Documents or deposition transcripts (or portions thereof) bearing a CONFIDENTIAL INFORMATION designation may be declared non-confidential (and therefore not subject to this Order) by the designating party, or by the Court upon motion of a receiving party, provided that the moving party proves to the Court's satisfaction that such Documents or deposition transcripts (or portions thereof) contain:

(a) information which at the time of disclosure was available to the public;

(b) information which after disclosure to an opposing party in this Action becomes available to the public through no act or failure to act by or on behalf of the receiving party, including the persons identified in paragraph 7;

(c) information which as to the receiving party (including the persons identified in paragraph 7 hereof) was as a matter of written record (i) already known to the receiving party from sources that owed no obligation of confidentiality to the producing party, (ii) independently developed by the receiving party, (iii) obtained from the producing party without having been designated as CONFIDENTIAL INFORMATION (subject to paragraphs 2 and 13 hereof), or (iv) received after disclosure in this Action from a third party having the right to make such disclosure; or

(d) information that is not a trade secret, or otherwise confidential, under governing law.

## VII. SUBSEQUENT DESIGNATION

13. If a party produces any Document or provides any deposition testimony containing information that it deems CONFIDENTIAL INFORMATION without marking such information as "CONFIDENTIAL," the producing or providing party shall promptly upon discovery of such disclosure inform the receiving party in writing. Upon receiving such notice, the receiving party shall treat the information as CONFIDENTIAL INFORMATION until the parties either agree that such information need not be treated as CONFIDENTIAL INFORMATION, or until the Court rules that such information is not CONFIDENTIAL INFORMATION. To the extent that such Document or deposition transcript (or portions thereof) were disclosed to persons other than persons described in paragraph 7 hereof, the receiving party shall make reasonable efforts to retrieve the information promptly from such persons and to avoid any further disclosure to such persons.

## VIII. PRIVILEGED INFORMATION

14. If a party unintentionally discloses to an opposing party information that the producing party believes to be privileged or otherwise immune from discovery, the producing party shall promptly upon discovery of such disclosure so advise the receiving party in writing and request that the information be returned. The receiving party shall immediately return such information and all copies thereof upon receiving a written request from the producing party. The producing party shall provide the receiving party with a privilege log of any such returned material that identifies the basis for it being withheld from production. By returning such information to the producing party, the receiving party shall

not waive its right to challenge, by motion to the Court, the producing party's assertion of such privilege or immunity. This provision does not waive any party's rights or obligations under Fed. R. Civ. P. 26(b)(5)(B).

## IX. POST-LITIGATION OBLIGATIONS

15.     Within thirty (30) calendar days after the completion of the litigation and all appeals, the parties shall return or destroy all Documents and deposition transcripts (or portions thereof) marked "CONFIDENTIAL" and all copies, abstracts, extracts, excerpts, and summaries of such Documents and deposition transcripts (or portions thereof), except that trial counsel for each party may retain one copy of all such documents, as well as copies of Documents and deposition transcripts (or portions thereof) designated as CONFIDENTIAL INFORMATION (and abstracts, extracts, excerpts, and summaries of such Documents and deposition transcripts (or portions thereof)) incorporated into counsel's working files.

## X. OTHER

16.     Nothing in this Order shall preclude any party from seeking and obtaining, by motion to the Court, additional protection with respect to the confidentiality or non-confidentiality of Documents or deposition transcripts (or portions thereof), or relief from this Order with respect to particular Documents or deposition transcripts (or portions thereof) designated as CONFIDENTIAL INFORMATION hereunder.

17. Nothing in this Order, and no CONFIDENTIAL INFORMATION designation, shall prevent counsel from advising their respective clients in any way relating to this Action, provided that counsel does not expressly disclose to its client any information designated by the other party as CONFIDENTIAL INFORMATION.

NOW THEREFORE, the parties hereby stipulate, agree, and request that this Court enter this Order.

By: _____
Joseph Diamante
jdiamante@stroock.com
Kenneth L. Stein
kstein@stroock.com
Richard H. An
ran@stroock.com
Stroock & Stroock & Lavan  LLP
180 Maiden Lane
New York, New York  10038-4982
212-806-5400
212-806-6006 (fax)

Katherine C. Donlon, FBN 0066941
kacy.donlon@fowlerwhite.com
Fowler White Boggs P.A.
P.O. Box 1438
Tampa, FL  33601
813-228-7411
813-229-8313 (fax)

*Counsel for Plaintiff Solomon Technologies, Inc.*

By: _____
Thomas W. Winland
John F. Hornick
James R. Barney
Michael V. O'Shaughnessy
Hayley S. Weimer
Finnegan, Henderson, Farabow, Garrett & Dunner,  LLP
901 New York Ave., NW
Washington, DC  20001
202-408-4456
202-408-4400 (fax)

William C. Guerrant, Jr.
Florida Bar No. 516058
wguerrant@hwhlaw.com
Trial Counsel
HILL, WARD & HENDERSON, P.A.
Suite 3700 – Bank of America Building
101 East Kennedy Boulevard
Post Office Box 2231
Tampa, Florida 33601
(813) 221-3900
(813) 221-2900 (fax)

*Counsel for Defendants Toyota Motor Corporation, Toyota Motor Sales, U.S.A., Inc., Toyota Motor Engineering and Manufacturing North America, Inc.,*

*and Toyota Motor Manufacturing Kentucky, Inc.*

## **ORDER**

**IT IS SO ORDERED** at Tampa, Florida on August 4, 2009.

*/s/ Mark A. Pizzo*
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

**UNITED STATES DISTRICT COURT**

**FOR THE MIDDLE DISTRICT OF FLORIDA**

**TAMPA DIVISION**

| | |
|---|---|
| **SOLOMON TECHNOLOGIES, INC.,** )  )  )  )  Plaintiff, )  )  )  )  )  v. )  )  )  )  )  **TOYOTA MOTOR CORPORATION,** )  **TOYOTA MOTOR SALES, U.S.A., INC.,** **TOYOTA MOTOR ENGINEERING AND** ) **MANUFACTURING NORTH AMERICA,** **INC., AND TOYOTA MOTOR** ) **MANUFACTURING KENTUCKY, INC.,** | CASE NO. 8:05-cv-01702-T-MAP |
| Defendants. | |

# **AGREEMENT TO ABIDE BY STIPULATED PROTECTIVE ORDER**

STATE OF _____

COUNTY OF _____

I, _____, declare that:

    1.    My address is _____

    2.    My present employer is _____

    3.    My present occupation or job description is _____

    4.    I am a citizen of_____

    5.    I have been provided a copy of the Stipulated Protective Order regarding CONFIDENTIAL INFORMATION (Protective Order) in this case, signed by counsel for the parties and entered by the Court.

    6.    I have carefully read and understand the provisions of the Protective Order.

    7.    I will comply with all of the provisions of the Protective Order.

    8.    I will hold in confidence and not disclose to anyone not authorized under the Protective Order any documents or other materials containing CONFIDENTIAL INFORMATION, as well as any abstracts, extracts, excerpts, and summaries thereof containing CONFIDENTIAL INFORMATION, prepared by or disclosed to me.

    9.    Upon request, I will destroy or return to counsel for the party from which I receive, or by whom I am designated, employed, or retained, all documents or other materials in my possession containing CONFIDENTIAL INFORMATION, as well as all abstracts, extracts, excerpts, and summaries thereof, and copies thereof.

    10.    By signing this EXHIBIT A, I promise and agree to advise any personnel of my company who assist me with this matter of the obligations imposed by this Order and their obligation to comply with such obligations.

    11.    I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this case, as to which this undertaking is an integral part.

12. I certify under penalty of perjury that the foregoing is true and correct.

Executed on _____

_____
Signature

# EXHIBIT B

**UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

| | |
|---|---|
| **SOLOMON TECHNOLOGIES, INC.,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 8:05-cv-01702-T-MAP |
| ) | |
| **TOYOTA MOTOR CORPORATION,** ) | |
| **TOYOTA MOTOR SALES, U.S.A., INC.,** ) | |
| **TOYOTA MOTOR ENGINEERING AND** ) | |
| **MANUFACTURING NORTH AMERICA,** ) | |
| **INC., AND TOYOTA MOTOR** ) | |
| **MANUFACTURING KENTUCKY, INC.,** ) | |
| ) | |
| Defendants. ) | |
| ) | |

**AGREEMENT TO ABIDE BY STIPULATED PROTECTIVE ORDER**

STATE OF _____

COUNTY OF _____

I, _____, declare that:

    1.    My address is _____

    2.    My present employer is _____

    3.    My present occupation or job description is _____

    4.    I am a citizen of _____

5. I have been provided a copy of the Stipulated Protective Order regarding CONFIDENTIAL INFORMATION (Protective Order) in this case, signed by counsel for the parties and entered by the Court.

6. I have carefully read and understand the provisions of paragraph 8(d) of the Protective Order.

7. I will comply with all of the obligations of paragraph 8(d) of the Protective Order. Specifically, I promise and agree (i) not to use any CONFIDENTIAL INFORMATION provided to me to assert any legal or equitable claims against the disclosing party, (ii) not to use any CONFIDENTIAL INFORMATION provided to me in any U.S. or foreign patent applications filed after any CONFIDENTIAL INFORMATION is disclosed to me in this action, or in any amendment to any pending U.S. or foreign patent application, and (iii) not to use any CONFIDENTIAL INFORMATION provided to me in connection with any business involving or relating to the subject matter of such CONFIDENTIAL INFORMATION. CONFIDENTIAL INFORMATION in this paragraph does not include information that said expert can show with competent evidence was: (1) already known to him before obtaining access to any of the opposing party's CONFIDENTIAL INFORMATION, or (2) reasonably known to one skilled in the art at the time any of the opposing party's CONFIDENTIAL INFORMATION was disclosed to him.

8. I hereby acknowledge that my failure to comply with the obligations of this EXHIBIT B shall cause the disclosing party immediate and irreparable injury, and shall constitute contempt of this Order and this Court's authority, and breach of contract, and shall subject me to sanctions by this Court (or any other court of competent jurisdiction) and an action for damages by the disclosing party.

9. By signing this EXHIBIT B, I promise and agree to advise any personnel of my company who assist me with this matter of the obligations imposed by this Order and their obligation to comply with such obligations.

10. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this case, as to which this undertaking is an integral part.

11. I certify under penalty of perjury that the foregoing is true and correct.

Executed on _____

_____
Signature