IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SOLOMON TECHNOLOGIES, INC

Plaintiff,

v.                                                    Case No. 8:05-cv-01702-MAP

TOYOTA MOTOR CORPORATION,
TOYOTA MOTOR SALES, U.S.A., INC.,
TOYOTA MOTOR ENGINERRING AND
MANUFACTURING NORTH AMERICA,
INC., and TOYOTA MOTOR
MANUFACTURING KENTUCKY, INC.,

Defendants.

**UNOPPOSED MOTION TO WITHDRAW BY MINTZ, LEVIN, COHN, FERRIS,
GLOVSKY AND POPEO, PC AS COUNSEL OF RECORD FOR PLAINTIFF
SOLOMON TECHNOLOGIES, INC.**

Pursuant to Local Rule 2.03(b), Mintz, Levin, Cohn, Ferris, Glovsky and Popeo,

PC ("Mintz Levin") respectfully submits this Motion to Withdraw as Counsel of Record

for Solomon Technologies, Inc. ("Solomon") in the above-captioned action. Defendants

have represented they consent to the withdrawal of Mintz Levin as attorney of record for

Solomon. Neither Solomon nor its current counsel have responded to Mintz Levin's

notice of its intent to seek leave to withdraw provided pursuant to Local Rule 2.03(b). In

support of its motion, Mintz Levin states the following:

1. Mintz Levin represented Solomon as its non-resident counsel on September 12,

    2005, when Solomon filed, through local counsel, Fowler White Boggs, P.A., its

    original Complaint in the present action. (Dkt. No. 1). The Court stayed the

present action on February 15, 2006 (Dkt. No. 8) pending a final determination made by the International Trade Commission ("ITC") in *In re Certain Combination Motor and Transmission Systems and Devices Used Therein, and Products Containing the Same*, ITC Dkt. No. 337-TA-561 ("the ITC Proceeding"). Mintz Levin represented Solomon during the ITC Proceeding.

2. At the conclusion of the ITC Proceeding, Solomon replaced Mintz Levin with other attorneys, described further below, who are presently at the law firm of Stroock & Stroock & Lavan, LLP ("Stroock"). Mintz Levin did not file a motion to withdraw with this Court at that time because i) the case was stayed, and ii) no Mintz Levin attorneys had applied for *pro hac vice* admission in the present action, nor had Mintz Levin ever substantively represented Solomon in the present action (other than the filing of the original complaint). Recently, the Clerk of this Court notified Mintz Levin of the need to either file a motion for *pro hac vice* admission or file a motion to withdraw. Based on the fact that Solomon has selected Stroock as its attorneys for this case, Mintz Levin is filing the present motion.

3. After the conclusion of the ITC Proceeding, Solomon retained Joseph Diamante, Kenneth Stein, and Richard An to represent it in the present action as non-resident counsel. On August 22, 2008, this Court issued an Order granting the *pro hac vice* admission of Messrs. Diamante, Stein, and An as counsel for Solomon. (Dkt. No. 16). Messrs. Diamante, Stein, and An are presently

employed by Stroock,[1] and currently serve as non-resident counsel for Solomon in this case. The law firm of Fowler White Boggs, P.A. remains as Local Counsel.

4. Stroock is, and has been, responsible for the representation of Solomon in the present action, and, consequently, Mintz Levin has not taken any action on behalf of Solomon in this case since the filing of the original complaint. No attorneys from Mintz Levin have filed motions to appear *pro hac vice* in this proceeding, and, indeed, other than appearing as an attorney of record in the original Complaint, Mintz Levin has not been identified on any of the papers filed in this case by Stroock on behalf of Solomon.

5. A number of substantive milestones have occurred in this case without Solomon consulting Mintz Levin in any way. Stroock has exclusively handled each of these milestones at the request of Solomon. Specifically, Mintz Levin has had no involvement in, nor was it substantively consulted regarding, any of the following milestones:

   a. Solomon appealed the final determination of the ITC Proceeding to the Court of Appeals for the Federal Circuit. Mintz Levin had no substantive involvement in the appeal to the Federal Circuit whatsoever. Stroock was responsible for all aspects of the briefing and argument of the Federal Circuit appeal.

---

[1] At the time of the *pro hac vice* motion, Messrs. Diamante, Stein, and An were employed by Jenner and Block, LLP ("Jenner"). Since this time, Messrs. Diamante, Stein, and An changed law firms, and are presently employed By Stroock & Stroock & Lavan, LLP. For the sake of conciseness, this motion will refer to "Stroock" even though Messrs. Diamante, Stein, and An may have been employed by Jenner during the relevant time period.

b.  The Court held hearings in the present action on August 25, 2008, December 11, 2008, March 11, 2009, and June 19, 2009. Mintz Levin did not participate in any of these hearings. Stroock represented Solomon in each of the hearings, and prepared all of the briefing leading up to the hearings. Mintz Levin did not have any input whatsoever into any of the decisions made by the Court—including Toyota's motion for summary judgment and several deadlines set by the Court.

c.  Solomon has retained a new expert, Dr. Emadi, to testify on its behalf. Mintz Levin did not provide any advice to Solomon regarding the selection of Dr. Emadi. Mintz Levin is unaware of the substantive positions taken by Dr. Emadi, and would need a significant amount of time to evaluate Dr. Emadi's positions if Mintz Levin's motion to withdraw from the present action were not allowed. Furthermore, Mintz Levin did not participate in any of the briefing that led to the Court's order denying Dr. Emadi access to Toyota's confidential documents. *See* Dkt. No. 70.

d.  On July 31, 2009, the parties consented to having this action reassigned to Magistrate Judge Mark A. Pizzo. Solomon did not involve Mintz Levin in any way with regard to this reassignment.

e.  On July 7, 2009, Solomon and Toyota filed a joint Case Management Report (Dkt. No. 73). The Case Management Report set many discovery limits (e.g., limits on written discovery and depositions), and agreed to certain deadlines (e.g., exchange of initial disclosures and expert reports).

4

Solomon did not seek advice from Mintz Levin regarding the Case Management Report prior to its filing.

f. It appears from the information available on PACER that the parties filed a technology tutorial on July 7, 2009. Solomon did not consult Mintz Levin about the technology tutorial prior to filing it, nor did it ask Mintz Levin to be involved in its preparation. Indeed, Mintz Levin cannot even confirm whether the parties actually filed the technology tutorial because it has no information regarding the technology tutorial.

g. On August 17, 2009, Solomon filed a substantial opposition to Toyota's Motion for Summary Judgment of Non-Infringement. Solomon did not consult Mintz Levin in any manner regarding this opposition. (Dkt. No. 79).

6. If Mintz Levin were not permitted to withdraw, this action will need to be delayed for at least several months to permit new attorneys to come up to speed on the matter. Most of the attorneys responsible for representing Solomon in the ITC Proceeding have since left Mintz Levin. If the Court does not allow Mintz Levin to withdraw, Mintz Levin will need to assemble a new team, and will need significant time in order to become familiar with the record and the facts. Specifically, the new team would need to study all of the issues that have been briefed and argued since late 2007 (when Stroock took over) **and** will also need to come up to speed on all of the work regarding the ITC Proceeding (e.g., thousands of pages of deposition, hundreds of thousands of pages of documents, and an entire trial).

7. Mintz Levin gave notice to Solomon and Stroock on September 1, 2009, of its intent to file the present motion to withdraw. As of the date of this motion, Mintz Levin has not received a response from Solomon or Stroock regarding this motion to withdraw.

8. Mintz Levin respectfully moves this court to permit it, and its attorneys,[2] to withdraw as Solomon's counsel of record from the present action.

9. Florida Rule of Professional Responsibility 4-1.16(b) provides that an attorney may withdraw from the representation of a client if, *inter alia*, "withdrawal can be accomplished without material adverse effect on the interests of the client .... or other good cause for withdrawal exists." Here, granting the withdrawal of Mintz Levin will not exhibit any material adverse effect on Solomon because Solomon has replaced Mintz Levin with Stroock, which has ably represented Solomon in this proceeding. Moreover, given that Stroock has represented, and continues to represent, Solomon, this proceeding will not be delayed, no party will be prejudiced by, and good cause exists for, the withdrawal of Mintz Levin as counsel of record for Solomon.

## 3.01(g) Certification

Pursuant to Local Rule 3.01(g), Mintz Levin conferred with Counsel for the Defendants regarding this motion, who represented that Defendants consent to the relief requested herein. Although neither Solomon nor Stroock has responded to the notice provided by Mintz Levin pursuant to Local Rule 2.03(b), Mintz Levin will promptly

---

[2] Mintz Levin notes that it no longer employs Shane Hunter, whose name appeared in the signature block of the original complaint. Notwithstanding this, Shane Hunter's withdrawal from this action should be considered within the scope of this motion.

supplement this Motion if and when either Solomon and/or Stroock advises of their position on this motion.


WHEREFORE, Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, PC, respectfully moves this Court for an order granting leave to Mintz Levin, and its attorneys, to withdraw as counsel from the present action.


Respectfully submitted,


By: _____
    A. Jason Mirabito, BBO#: 349040
    Dean Bostock, BBO#: 549747
    MINTZ, LEVIN, COHN, FERRIS,
        GLOVSKY, AND POPEO, PC
    One Financial Center
    Boston, MA 02111
    (617) 542-6000
    (617) 542-2241 (Fax)

Mailed: September 16, 2009

7

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on September 16, 2009, I sent a copy of the foregoing, via FedEx Priority Overnight, to each of the following:

William C. Guerrant
Hill, Ward, & Henderson, PA
Bank of America Bldg., Suite 3700
101 E. Kennedy Blvd.
Tampa, FL 33602

Michael V. O'Shaughnessy, Esq.
Finnegan, Henderson, Farabow,
  Garrett & Dunner, L.L.P.
901 New York Avenue, N.W.
Washington, DC 20001-4413

Katherine C. Donlon
Fowler, White, Boggs, P.A.,
501 East Kennedy Boulevard
Suite 1700
Tampa, FL 33602

Joseph Diamante
Stroock, Stroock & Lavan, LLP
180 Maiden Ln
New York , NY 10038
212/806-5472

Peter Devecchis
Solomon Technologies, Inc.
1224 Mill Street, Bldg A
East Berlin, CT 06023

Donna Doyle

8